UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RONALD A. MAJEWSKI,              : CIVIL NO: **3:CV-05-02396**
                 Plaintiff       :
                                 : (Judge Munley)
     v.                          :
                                 : (Magistrate Judge Smyser)
LUZERNE COUNTY, et al.,          :
                 Defendants      :


## REPORT AND RECOMMENDATION


I.  Background and Procedural History.


     The plaintiff, Ronald A. Majewski, commenced this action
by filing a complaint on November 18, 2005.  The plaintiff was
proceeding *pro se* at the time that he filed his complaint.
However, the plaintiff subsequently retained counsel.  The
plaintiff, through counsel, filed an amended complaint on
January 10, 2006.


     The amended complaint names the following thirteen
defendants: 1) Luzerne County; 2) the Luzerne County
Correctional Facility (LCCF); 3) Gene Fischi, the Warden of the
LCCF; 4) Samuel Hyder, a deputy warden at the LCCF; 5) Joseph
Morris, a deputy warden at the LCCF; 6) Rowland Roberts, a
deputy warden at the LCCF; 7) Gregory Skrepenak, a member of

the Luzerne County Prison Board; 8) Todd Vonderheid, a member
of the Luzerne County Prison Board; 9) Steve Urban, a member of
the Luzerne County Prison Board; 10) Wister Yuhas, a member of
the Luzerne County Prison Board; 11) Robert Payne, a member of
the Luzerne County Prison Board; 12) International Laborers'
Union of North America Local 1300 (Union); and 13) Tony
Seiwell, the business agent of the Union.

The plaintiff claims that the defendants violated his
constitutional and statutory rights as well as state law in
connection with his employment and the eventual termination of
his employment as a corrections officer at the LCCF.

The amended complaint contains nine counts.  Count I
consists of 42 U.S.C. § 1983 claims for violation of the First,
Fourth, Fifth, Sixth and Fourteenth Amendments to the United
States Constitution against all of the individual defendants.
Count II is a claim under 42 U.S.C. § 1985 against all of the
individual defendants.  Count III is a discrimination claim
against Luzerne County, the LCCF and the Union pursuant to the
Americans with Disabilities Act (ADA), 42 U.S.C. 12101, et seq.
Count IV is a retaliation claim against Luzerne County, the
LCCF and the Union pursuant to the ADA.  Count V is a claim

2

against all of the defendants pursuant to the Pennsylvania
Human Relations Act, 43 Pa.C.S.A. § 951, et seq.  Count VI is a
state law conspiracy claim against all of the individual
defendants.  Count VII is a claim against defendants Fischi,
Hyder and Morris pursuant to the Family and Medical Leave Act
(FMLA), 29 U.S.C. § 2601-et seq.  Count VIII is a state law
claim of intentional infliction of emotional distress against
all of the defendants.  Count IX is a state law claim of
wrongful discharge against Luzerne County, the LCCF and the
Union.

    On March 3, 2006, defendants Seiwell and the Union filed
an answer to the amended complaint.

    By a Memorandum and Order filed on April 9, 2007, the
plaintiff's Fourth Amendment, Fifth Amendment, Sixth Amendment
and Fourteenth Amendment procedural and substantive due process
claims were dismissed.  In addition, the plaintiff's 42 U.S.C.
§ 1985(3) claim, his claim for punitive damages under the
Americans with Disabilities Act and his claim for intentional
infliction of emotional distress were dismissed.

3

On April 18, 2007, defendants Luzerne County, LCCF, Fischi, Hyder, Morris, Roberts, Skrepenak, Vonderheid, Urban, Payne and Yuhas (hereinafter the "County defendants") filed an answer to the amended complaint.

By an Order dated September 30, 2008, summary judgment motions were granted in favor of the defendants as to the plaintiff's First Amendment claims and the plaintiff's ADA, PHRA and FMLA claims.  Additionally, summary judgment was granted to defendant Seiwell on the plaintiff's state law conspiracy claim and to defendant Union on the plaintiff's wrongful discharge claim.  By the Order of September 30, 2009, Judge Munley granted the defendants leave to file supplemental motions for summary judgment on the plaintiff's equal protection claims.

On October 17, 2008, defendant Union and Seiwell filed a supplemental motion for summary judgment regarding the equal protection claims.  On October 20, 2008, the County defendants filed a motion for summary judgment on the equal protection claims.  Those motions have been fully briefed and are addressed in this Report and Recommendation.

4

II. Summary Judgment Standard.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'–– that is, pointing out to the district court –– that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set out specific facts showing a genuine issue for trial."  Fed.R.Civ.P. 56(e)(2).

A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing

law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248.  An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50.  In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party.  *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter,

6

but is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249.  The proper inquiry of the court in connection with a motion for summary judgement "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322.  "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

III.  Motion for Summary Judgment filed by Defendants Union and
      Seiwell.


     Defendants Union and Seiwell argue that they are entitled
to summary judgment on the plaintiff's equal protection claims
because they are not state actors.


     To establish a claim under 42 U.S.C. § 1983 a plaintiff
must establish that 1) the conduct complained of was committed
by a person acting under color of state law, and 2) that such
conduct deprived the plaintiff of rights, privileges, or
immunities secured to him by the Constitution or laws of the
United States. *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir.
1993).  The requirement that a defendant act under color of
state law is essential in order to establish a claim under
§ 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).


     The Equal Protection Clause of the Fourteenth Amendment
provides that a State shall not "deny to any person within its
jurisdiction the equal protection of the laws." U.S. Const.
amend. XIV, §1.  A viable equal protection claim requires state
action.  *See Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 172
(1972).

8

"If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes." *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.,* 531 U.S. 288, 295 n.2 (2001).

The Supreme Court has established a number of approaches to the question of when a private person acts under color of state law. *Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 239 (3d Cir. 2002). "Some of the tests used, or factors considered, to determine state action include: whether the state has coerced or provided substantial encouragement for the action, whether there is a symbiotic relationship between the state and the private actor, whether the private actor exercises powers exclusively within the prerogative of the state, [and] whether there is a "sufficiently close nexus" between the state and a private actor." *Smith v. Wambaugh*, 29 F.Supp.2d 222, 226 (M.D.Pa. 1998)(McClure, J.)(citations omitted), *aff'd,* 189 F.3d 464 (3d Cir. 1999). Further, "a private party may be liable under § 1983 when (1) the party actually participates with state officials in an activity which is constitutionally prohibited, or (2) the private party conspires with state officials to violate the constitution."

*Id.* at 227. *See also Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."); *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998)("[A] private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts "under color of state law" for purposes of § 1983."). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Academy, supra,* 531 U.S. at 295.

The plaintiff contends that defendants Union and Seiwell were acting under color of state law because they were willful participants in joint activity with the state.  The plaintiff contends that defendants Union and Seiwell were willful participants in joint activity with the state because defendant Seiwell, acting on behalf of the Union, provided a Last Chance Agreement to the plaintiff during negotiations between the prison, on the one hand, and the Union and the plaintiff on the other, after the plaintiff was suspended purportedly for being under the influence of alcohol while at work.

10

In a prior Report and Recommendation, we concluded that
evidence that defendant Seiwell *inter alia* presented the
plaintiff with a Last Chance Agreement does not support an
inference that there was a conspiracy between defendant Seiwell
and the other defendants. *Doc. 86* at 54.  There is no basis
presented in connection with the current summary judgment
motions to change that conclusion.  The fact that defendant
Seiwell, acting on behalf of the Union, presented the plaintiff
with a Last Chance Agreement in connection with negotiations
with the prison officials, on the one hand, and the plaintiff
and the Union, on the other hand, does not support an inference
that defendants Union and Seiwell were willful participants in
joint activity with state.

The plaintiff has failed to present evidence from which a
reasonable factfinder could conclude that defendants Union and
Seiwell were acting under color of state law.  Accordingly, it
will be recommended that the supplemental motion for summary
judgment filed by defendants Union and Seiwell be granted.

11

IV.  Motion for Summary Judgment filed by the County
     Defendants.


     The County defendants contend that they are entitled to
summary judgment as to the plaintiff's equal protection claims
because the plaintiff does not present evidence to support
those claims.


     "Under the Fourteenth Amendment, no State shall 'deny to
any person within its jurisdiction the equal protection of the
laws.'" *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 151
(3d Cir. 2005)(quoting U.S. Const. amend. XIV, §1).   The
Equal Protection Clause "is essentially a direction that all
persons similarly situated should be treated alike." *Id.*
"Persons are similarly situated under the Equal Protection
Clause when they are alike 'in all relevant aspects.'"
*Startzell v. City of Philadelphia,* 533 F.3d 183, 203 (3d Cir.
2008)(quoting *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992)).  In
order to establish an equal protection violation, a plaintiff
must show an intentional or purposeful discrimination. *Wilson
v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985).
"Discriminatory intent 'implies that the decision-maker . . .
selected or reaffirmed a particular course of action at least

12

in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.'" *Antonelli v. New Jersey,* 419 F.3d 267, 274 (3d Cir. 2005)(quoting *Personnel Adm'r of Mass. v. Feeney,* 442 U.S. 256, 279 (1979)).

The plaintiff's equal protection claims appear to be based, in part, on his contention that he was treated differently than similarly situated persons because he is disabled.

The disabled are not, considered as a class, considered to be a class as to which any perceived or actual difference in treatment is suspect for purposes of an equal protection challenge. *Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439-447 (1985). But ostensible classifications appearing to affect disabled persons differently based on disability are subject to rational basis review. *Id.* at 446-447; *Tennessee v. Lane,* 541 U.S. 509, 522 (2004)(stating that classifications based on disability violate the Equal Protection Clause if they lack a rational relationship to a legitimate governmental purpose). "Under rational basis scrutiny, state action will survive as long as it merely furthers a legitimate state

13

interest." *Lavia v. Pennsylvania Dept. of Corrections,* 224 F.3d
190, 199 (3d Cir. 2000).

The plaintiff has pointed to evidence that he was treated
differently than others similarly situated. *See Doc. 104* at 10.
In order to survive summary judgment, in addition to providing
evidence that he was treated differently than others similarly
situated, the plaintiff must present evidence from which a
reasonable trier of fact could conclude that he was treated
differently from others similarly situated because he is
disabled.  Although the plaintiff mentions that he was
considered disabled by the defendants and that he was on light
duty as a result of a work-related injury, he has not
specifically argued in his brief that he was treated
differently by the defendants because of his disability.  The
plaintiff has not pointed to evidence from which a reasonable
trier of fact could conclude that he was treated differently
from similarly situated persons because he is disabled.

We note that the plaintiff argues that the defendants were
attempting to punish or limit his exercise of his
Constitutional rights.  To the extent that the plaintiff's
equal protection claim is based on retaliation for the exercise

14

of his First Amendment rights, the claim is functionally identical to the plaintiff's First Amendment retaliation claim. *See Hill v. City of Scranton,* 411 U.S. 118, 125-26 (3d Cir. 2005).  The defendants have previously been granted summary judgment on the plaintiff's First Amendment retaliation claim. Moreover, a retaliation claim not based on a classification does not fall under the purview of the Equal Protection Clause. *Thomas v. Independence Tp.,* 463 F.3d 285, 298 n.6 (3d Cir. 2006)(noting that a pure or generic retaliation claim simply does not implicate the Equal Protection Clause).

The plaintiff also argues that the defendants acted with a malicious or bad faith intent to injure him.  It appears that the plaintiff is relying on the class-of-one theory announced in *Village of Willowbrook v. Olech,* 528 U.S. 562 (2000).  In order to establish a class-of-one equal protection violation, the plaintiff must establish: 1) that the defendants treated him differently from others similarly situated; 2) that they did so intentionally, and 3) that there was no rational basis for the difference in treatment. *Hill v. Borough of Kutztown,* 455 F.3d 225, 239 (3d Cir. 2006).  However, the class-of-one theory of equal protection does not apply in the public

15

employment context. *Engquist v. Oregon Dept. Of Agriculture,* 128 S.Ct. 2146, 2151 (2008).

Because the plaintiff has not pointed to evidence from which a reasonable trier of fact could conclude that he was treated differently from similarly situated persons because he is disabled, the County defendants are entitled to summary judgment on the plaintiff's equal protection claims.

V. Recommendations.

Based on the foregoing, it is recommended that the motion (doc. 96) for summary judgment filed by defendants Union and Seiwell be granted.  It is further recommended that the motion (doc. 98) for summary judgment filed by defendants Luzerne County, Luzerne County Correctional Facility, Fischi, Hyder, Morris, Roberts, Skrepenak, Vonderheid, Urban, Payne and Yuhas be granted.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated:  April 2, 2009.